# EXHIBIT 1

| STATE OF NORTH CAROLINA | File No. 21 CVS 1751 |
|---|---|
| Iredell County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff | |
|---|---|
| KATRINA KILPATRICK | **CIVIL SUMMONS**<br>☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| Address | |
| City, State, Zip | |
| **VERSUS** | G.S. 1A-1, Rules 3 and 4 |
| Name Of Defendant(s) | Date Original Summons Issued |
| DAYMARK RECOVERY SERVICES, INC. | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Daymark Recovery Services, Inc.<br>c/o Alan Waller, Registered Agent<br>284 Executive Park Drive, Suite 100<br>Concord, NC 28025-1894 | |

⚠️ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

¡**IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| Clark D. Tew<br>Pope McMillan, P.A.<br>PO Drawer 1776<br>Statesville NC 28677 | JUN 2 3 2021 | 4:38 ☐ AM ☒ PM |
| | Signature | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF IREDELL | FILE NUMBER 21 CVS 1751

FILED
2021 JUN 23 P 4: 38
IREDELL CO., C.S.C.
BY: ML

| | |
|---|---|
| Katrina Kilpatrick, Plaintiff, v. Daymark Recovery Services, Inc., Defendant. | COMPLAINT (Jury Trial Demanded) |

COMES NOW Plaintiff, Katrina Kilpatrick, by and through counsel, who does allege and say of the Defendant, Daymark Recovery Services, Inc., as follows:

## PARTIES

1. Plaintiff Katrina Kilpatrick (hereinafter "Kilpatrick") is an individual and resident of Iredell County, North Carolina and was employed by Defendant Daymark Recovery Services, Inc. within the State of North Carolina.

2. Defendant Daymark Recovery Services, Inc. (hereinafter "Daymark") is a North Carolina Corporation with its principal place of business registered in Concord, Cabarrus County, North Carolina. Daymark maintains locations throughout multiple counties in North Carolina.

## JURISDICTION AND VENUE

3. The North Carolina General Court of Justice has personal jurisdiction over the Defendant by virtue of the Defendant's incorporation within this State, the location of its principal place of business within this State, and by virtue of the

allegations underlying this cause of action having occurred within the State of North Carolina.

4. The North Carolina General Courts of Justice have subject matter jurisdiction over this action.

5. The Superior Court Division of the North Carolina General Court of Justice in operation in Iredell County, North Carolina is the appropriate and proper forum for this action as said county is a county in which Defendant maintains a place of business and such county is the county in which Plaintiff is a resident of.

## FACTS ALLEGED

6. At all times relevant to this Complaint, Kilpatrick is and was a female of African American race and ethnicity.

7. Kilpatrick begin her employment with Daymark on or about December 28, 2018, as a Center Director.

8. Kilpatrick worked primarily at Daymark's office in Statesville, North Carolina.

9. When Kilpatrick was hired, she underwent the standard orientation Daymark provides to all of its employees.

10. Kilpatrick was not provided any form of formal training for the position of Center Director.

11. Kilpatrick, and other Center Directors, met each week to receive specific tasks and systems that would need to be implemented at Daymark's various locations.

12. Kilpatrick was not provided specific instructions on how to accomplish such tasks or implement such systems. Kilpatrick was left to determine how to do so in her discretion.

13. Throughout her employment, Kilpatrick was not provided an evaluation, training, or a development plan of any kind.

14. As Center Director, Kilpatrick was imbued with the power to direct, reprimand, and otherwise control the actions of subordinate employees of Daymark.

15. Pursuant to her duties and responsibilities as Center Director, Kilpatrick frequently attempted to direct, reprimand, and otherwise control the actions of subordinate employees of Daymark.

16. The subordinate employees of Daymark frequently ignored or were otherwise insubordinate towards the direction Kilpatrick attempted to impart on them.

17. The subordinate employees of Daymark present at the Salisbury location were, at all times relevant to this time, predominately white in race and ethnicity.

18. On information and belief, the subordinate employees of Daymark disrespected, disobeyed, and were otherwise insubordinate towards Kilpatrick due to her race, gender, and sex.

19. Kilpatrick complained to her superiors at Daymark regarding the disrespectful treatment by her subordinate employees.

20. In her complaints, Kilpatrick specifically raised issues that her

subordinates would refuse directives and orders given by Kilpatrick that were within Kilpatrick's scope of duties, responsibilities, and control.

21. Kilpatrick specifically indicated that her inability to enforce her directives with appropriate discipline, or alternatively, by shuffling personnel around who were disrespectful, insubordinate, or otherwise obstructed Kilpatrick from completing her duties, was a proximate cause of the subordinate employees' belief that they could disrespect and disobey Kilpatrick.

22. Kilpatrick specifically raised the issue that she believed the subordinate employees' disrespect and insubordinate were motivated by animus towards Kilpatrick on the basis of her race, sex, gender, or a combination of all three factors.

23. Despite her complaints, Daymark failed to provide any form of aid or support in her position.

24. Kilpatrick's subordinates escalated their insubordination by filing claims against Kilpatrick to Daymark's Human Resources Department.

25. Kilpatrick's subordinates, on more than one occasion, made complaints directly to members of Daymark's executive staff.

26. All of the complaints filed against Kilpatrick were false.

27. On information and belief, the subordinates who filed such complaints did so out of animus towards Kilpatrick due to either or both of her race and gender.

28. Daymark's Human Resources department investigated the complaints.

29. Daymark's Human Resources department found that some of the complaints were patently false and that others were incapable of being substantiated.

30. Daymark indicated to Kilpatrick that it would hold a meeting with her to develop a plan to address the insubordinate staff.

31. On the day Kilpatrick was supposed to meet with Daymark staff regarding her issues with staff, Daymark failed to attend the meeting.

32. Approximately a month after Daymark's failure to attend the meeting, Daymark terminated Kilpatrick.

33. Daymark similarly treated at least two other African American employees similarly to Kilpatrick.

34. Both other African American employees ceased working at Daymark. One such employee was fired, the other resigned.

35. Other Center Directors at other locations maintained by Daymark received appropriate training, evaluations, and plans of developments.

36. Other Center Directors at other locations maintained by Daymark received support from their superiors when confronted with disrespectful and insubordinate staff.

37. On February 13, 2020, Kilpatrick was asked to resign in lieu of termination.

38. The reasons provided by Daymark for Kilpatrick's termination amounted to, in essence, that they did not believe Kilpatrick was a good representative of Daymark.

39. Daymark did not allege it could prove any actual wrongdoing which would justify such termination.

40. Kilpatrick timely filed an EEOC complaint alleging discrimination on the basis of Race and Sex and that her discharge was retaliatory in nature.

41. On March 25, 2021, the EEOC issued a notice of right to sue letter to Kilpatrick.

## FIRST CAUSE OF ACTION
(Wrongful Discharge on the Basis of Race in Violation of 42 U.S.C. §2000e-2)

42. Plaintiff hereby incorporates by reference the proceeding paragraphs as if fully stated herein.

43. The Defendant employed Plaintiff in an at-will capacity until her termination on or about February 13, 2020.

44. Defendant's terminated Plaintiff on the basis of Plaintiff's race.

45. Defendant's termination of Plaintiff was and is a violation of 42 U.S.C. §2000e through 42 U.S.C. § 2000e-2.

46. Plaintiff was damaged by Defendant's actions in an amount exceeding $25,000.00, to be proven with more specificity at trial. This amount includes lost wages and compensatory damages related to Defendants' wrongful discharge of Plaintiff.

47. Defendants' actions as alleged in this Complaint were willful and wanton, were in reckless disregard of Plaintiff's rights, and the Plaintiff is entitled to recover punitive damages against the Defendants.

## SECOND CAUSE OF ACTION
(Wrongful Discharge on the Basis of Sex in Violation of 42 U.S.C. §2000e-2)

48. Plaintiff hereby incorporates by reference the proceeding paragraphs

as if fully stated herein.

49. The Defendants employed Plaintiff in an at-will capacity until her termination on or about February 13, 2020.

50. Defendants terminated Plaintiff on the basis of Plaintiff's sex.

51. Defendants' termination of Plaintiff was and is a violation of 42 U.S.C. §2000e through 42 U.S.C. § 2000e-2.

52. Plaintiff was damaged by Defendants' actions in an amount exceeding $25,000.00, to be proven with more specificity at trial. This amount includes lost wages and compensatory damages related to Defendants' wrongful discharge of Plaintiff.

53. Defendants' actions as alleged in this Complaint were willful and wanton, were in reckless disregard of Plaintiff's rights, and the Plaintiff is entitled to recover punitive damages against the Defendant.

### THIRD CAUSE OF ACTION
(Wrongful Retaliatory Discharge Pursuant to 42 U.S.C. §2000e-3)

54. Plaintiff hereby incorporates by reference the proceeding paragraphs as if fully stated herein.

55. The Defendants employed Plaintiff in an at-will capacity until her termination on or about February 13, 2020.

56. Plaintiff made complaints to Defendant regarding discriminatory behavior by her subordinates. Plaintiff asked Defendant for help in combating such discriminatory behavior.

57. Defendant condoned and failed to combat such discriminatory behavior

in its failure to support Plaintiff.

58. Defendant subsequently terminated Plaintiff for making such complaints regarding the discriminatory behavior of Defendant's employees.

59. Defendants' termination of Plaintiff was and is a violation of 42 U.S.C. §2000e through 42 U.S.C. § 2000e-3.

60. Plaintiff was damaged by Defendants' actions in an amount exceeding $25,000.00, to be proven with more specificity at trial. This amount includes lost wages and compensatory damages related to Defendants' wrongful discharge of Plaintiff.

61. Defendants' actions as alleged in this Complaint were willful and wanton, were in reckless disregard of Plaintiff's rights, and the Plaintiff is entitled to recover punitive damages against the Defendant.

WHEREFORE, Plaintiff pray this Court for the following relief:

1. That the Defendant be ordered to pay all costs of this action.

2. That the Defendants be ordered to pay Plaintiffs an amount greater than $25,000.00 for the allegations as stated herein.

3. That punitive damages be recovered from the Defendants.

4. That all claims in this manner so triable be tried by a Jury.

5. That an award of attorneys' fees be made in favor of Plaintiff.

6. For such relief as this Court deems just and proper.

This the 14th day of June, 2021.

[signature line to follow]

Pope McMillan, P.A.
Attorneys for the Plaintiff

By: _____
Clark D. Tew
N.C. State Bar No. 41632
P.O. Drawer 1776
Statesville, NC 28687
(704) 873-2131
ctew@popemcmillan.com