# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO. 5:21-CV-115-KDB-DCK

| | |
|---|---|
| KATRINA KILPATRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **PROTECTIVE ORDER** |
| ) | |
| DAYMARK RECOVERY SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Consent Motion For Protective Order" (Document No. 7) filed September 27, 2021.

The Parties contend that the claims in this case implicate certain information that is confidential, sensitive, and/or proprietary personnel and/or business information that should be protected pursuant to a Court Order. For this reason, the Parties desire to ensure that certain information provided, released, exchanged, or reviewed during discovery is not used or disclosed improperly and to ensure that confidential, sensitive and proprietary information is sufficiently protected. Because of these concerns, the Parties' request the following provisions regarding the discovery of information, documents, items, and other materials during the discovery of this lawsuit and continuing through trial.

**IT IS, THEREFORE, ORDERED**, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that:

1. This Order governs the handling and disclosure of all materials produced, given or filed herein by the parties and designated as "CONFIDENTIAL."

2. Any party producing documents, material or other information (collectively "Information") in this litigation which that party reasonably believes is confidential, sensitive and/or proprietary and the public disclosure of which would be harmful to that party, may designate such Information, or any part thereof, as confidential (hereinafter "Confidential Information"). Any discovery pleadings, affidavits, material and any other documents produced and/or exclusive shall be designated Confidential Information and marked by the producing party with the word "CONFIDENTIAL" on each page or object so designated.

3. "Confidential Information" as used herein includes, but is not necessarily limited to:

 a. All proprietary, financial or other sensitive information, which is not generally accessible to the public, is entitled to an expectation of privacy, and is otherwise treated by a party as confidential; and

 b. Any other information the parties deem "Confidential Information" as discovery progresses in this matter.

4. Should a party object to the designation of any material as "Confidential Information," that party may apply to the Court for a ruling on the propriety or legitimacy of the designation. Until the Court enters an Order, if any, changing the designation of the material, it shall be treated as Confidential Information as provided in this Order.

5. Except upon further Order of the Court, Confidential Information shall not be reviewed, disclosed or released to anyone other than:

 a. The Court, including Court assistants, staff and other Court personnel;

 b. Counsel for the parties to this action, including corporate counsel, their legal assistants, paralegals and other law firm staff members and employees;

c. Consultants or experts retained by the parties or their counsel to assist them in the preparation of this case;

d. The parties to this action and officers, directors, administrators or employees of the parties who are actively participating in the prosecution or defense of this action, but only to the extent that such disclosure is reasonably deemed necessary by their respective counsel for the conduct of this litigation, and provided that a party (or its officers, directors, administrators or employees) may retain Confidential Information only as long as it is necessary for the conduct of this litigation;

e. Court reporters or videographers engaged to record depositions, hearings or trials in this action; and

f. Outside companies engaged by counsel for the parties to photocopy such confidential documents.

6. If any Confidential Information is provided inadvertently to a discovering party without being marked as Confidential in accordance with the terms of this Order, the failure to so mark the Information shall not be deemed a waiver of the right to assert confidentiality. A party may designate the Information as Confidential Information at a later date, at which time the provisions of this Order shall apply prospectively to such information.

7. If a party desires to disclose any Confidential Information to any person not described in paragraph 5 of this Order, counsel for the Disclosing Party shall inform in writing counsel for the Designating Party at least ten (10) days in advance of such disclosure (or such other time as agreed by the parties in writing) of the intent so to disclose, including a general description of the materials to be disclosed, the designation given to such material, and the name and address of the person to whom the disclosure is to be made. If the Designating Party gives notice of

objection to such disclosure within the prescribed ten (10) day period, such objection must be resolved by the Court before the disclosure may be made. In the event of any such objection, the Disclosing Party shall bear the burden of moving for resolution of the dispute by the Court in accordance with the procedure set forth in paragraph I of this Order.

8. Disclosure of Confidential Information pursuant to this Order shall be handled as follows:

a. Any person described in subparagraphs 5(a), (b), (d), (e) and (f) of this Order is bound by the provisions of this Order without the necessity of executing a separate confidentiality agreement;

b. Prior to making disclosures to any person set forth in subparagraph 5(c) of this Order, the party disclosing the Confidential Information shall inform any persons to whom disclosure is made that Confidential Information shall be used for the purposes of the prosecution or defense of this action only, and that said person shall be bound by the terms of this Order and shall execute an Agreement to be bound by this Order. The parties shall obtain from such persons a written statement in the form of Exhibit A, attached hereto. A record of all persons to whom disclosures are made shall be kept and all the written statements signed by those persons shall be retained in the possession, custody, and control of counsel by whom the person is retained. All Confidential Information, and any documents containing such Confidential Information, including copies of such documents, shall be returned to counsel by persons given access to them as soon as practicable.

9. The production or disclosure of Confidential Information pursuant to the terms of this Order by the producing party shall not be construed as prohibiting or restricting the use of Confidential Information during depositions, any hearing, the trial of this matter, or any appellate

proceeding. Similarly, no party shall be deemed to have waived any objections as to the relevancy, admissibility, discoverability or any other objection under the Federal Rules of Civil Procedure or the Federal Rules of Evidence in connection with any proceeding in this action. Additionally, nothing in this Protective Order shall require disclosure of material which is protected by the attorney-client privilege and/or the work product doctrine.

10. If any confidential documents are used in connection with a deposition or other discovery or documents filed with the Court, or are quoted or referenced in any memorandum, pleading or other paper filed with the Court, the applicable portions of the deposition transcript, filing or paper shall be submitted to the Court with a request that the document be placed under seal and appropriately marked to indicate that the transcript, filing or paper is subject to the terms of this Order.

11. No Confidential Information produced pursuant to this Order shall be used for any purpose other than for relevant and proper prosecution or defense of this litigation.

12. The inadvertent, unintentional or in camera disclosure of Confidential documents and Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

13. With the exception of materials, information and documents maintained in sealed records of the Court in accordance with paragraph 10 above, within fifteen (15) days after entry of final judgment or dismissal in this litigation (including appeals or petitions for review), the parties, parties' counsel, their staff, and all experts and/or consultants for the parties shall return (or, with consent of the opposing counsel, destroy) all confidential documents produced pursuant to this Order (including all Xeroxed copies of the same) to the party producing said documents with a written certification by the party's counsel of record that all such documents and copies of the same

have, in fact, been returned (or, with opposing counsel's consent, destroyed); provided, however, that counsel shall be permitted to maintain one copy of each such document for their case files, which shall continue to be subject to the terms of this Order.

14. After the final disposition of this action, including the conclusion of any and all appeals, all Confidential Information maintained in sealed files of the Court in accordance with paragraph 11 above shall be returned to counsel for the party or witness filing such Confidential Information.

15. This Protective Order shall not prevent either party from applying to the Court for relief herefrom, or from applying to the Court for further and additional Protective Orders, or from agreeing between themselves to modification of this Protective Order, subject to the approval of the Court.

16. Each person who receives Confidential Information submits himself or herself to the personal jurisdiction of this Court, wherever he or she shall be, for the enforcement of the provisions contained in this Order.

**SO ORDERED**.

Signed: September 27, 2021

David C. Keesler
United States Magistrate Judge